UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHEILA ROBINSON ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                                       **NO. 23-3404**

**SUTTON NATIONAL**                                              **SECTION "B"(1)**
**INSURANCE COMPANY ET AL.**

## ORDER AND REASONS

Before the Court is defendants Sutton National Insurance Company and Timothy Napoleon's motion to continue pre-trial deadlines and trial (Rec. Doc. 19). For the following reasons,

**IT IS HEREBY ORDERED** that defendants Sutton National Insurance Company and Timothy Napoleon's motion to continue pre-trial deadlines and trial is **DISMISSED WITHOUT PREJUDICE**.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This personal injury action arises from a traffic accident between plaintiff Sheila Robinson and defendant Timothy Napoleon. Filed in Civil District Court for the Parish of Orleans, the suit alleges Robinson and her passengers—Ricky Dyer, H.B., D.G., and J.G.—were injured by Napoleon's careless operation, for which he was cited at the scene. *See* Rec. Doc. 2-7 at 2 ¶¶ 3, 5. Plaintiffs assert that Napoleon was operating a vehicle owned by Safex Transport, Inc. and insured by Sutton National Insurance Company. *Id.* at 2 ¶ 4, 6 ¶ 19. Each plaintiff alleges the same general injuries against all defendants: back, neck, and head trauma, along with "general soreness to the body as a whole." *See id.* at 2–3 ¶ 7 (Robinson); *id.* at 3 ¶ 9 (Dyer); *id.* at 3–4 ¶ 11, 4 ¶ 13, 5 ¶ 15 (minors). Additionally, although not a passenger, Ashley Dyer brings a claim in her own name for

1

mental anguish, loss of consortium, and loss of companionship for the injuries of her minor children H.B., D.G., and J.G. *Id.* at 5 ¶ 17.

Defendants Napoleon and Sutton National timely removed the suit to federal court on diversity grounds through 28 U.S.C. § 1332(a). *See* Rec. Doc. 2 at 2 ¶¶ 5–6, 5 ¶¶ 26–28 ("To date, Safex Transport, Inc. has not been served in this matter."). In their notice of removal, defendants support the requisite amount in controversy by referencing Robinson's settlement demand, which claimed medical procedures as a result of the accident to total $139,836.70. *Id.* at 4 ¶¶ 23–24 (having undergone a left L4-5 and L5-S1 laminotomy and foraminotomy with cervical laser facet nerve ablation). Despite these significant procedures and the injuries claimed by each passenger, plaintiffs state Napoleon at the scene "reported that he did not think he had crashed into Ms. Robinson." Rec. 2-7 at 2 ¶ 4.

Without stated reason, plaintiffs moved for the "voluntary dismissal, without prejudice, of Safex Transport, Inc. a/k/a Safex Group Holding, Inc." Rec. Doc. 8 at 1. This Court so granted. Rec. Doc. 9.

Following a settlement conference on February 1, 2024, defendants moved without opposition for a continuance of all pretrial deadlines and the trial. *See* Rec. Doc. 15. Citing information revealed during Robinson's earlier deposition, defendants argued they needed additional time to obtain and review new medical records. *See id.* at 1–2. They also indicated parties had adopted their own discovery agreement: "At this time, both parties seek to avoid unnecessary additional expenses by postponing treating physician and expert depositions." *Id.* at 1. This Court granted the unopposed motion, finding good cause from "the recent disclosure of 'the existence of previously unknown prior lawsuits and [plaintiff Ms. Robinson's] status as a Social Security Disability beneficiary'". Rec. Doc. 16 at 1 (quoting Rec. Doc. 15 at 1–2). However,

we cautioned parties from asserting good cause from other litigation choices, such as "a previously completed—and unsuccessfully concluded—settlement conference as modification grounds." *Id.*

Defendants now move for another continuance of all pretrial deadlines and the trial. *See* Rec. Doc. 19. Plaintiffs filed no timely opposition.

II. **LAW AND ANALYSIS**

    A. **Unopposed Motion Standard**

In the Eastern District of Louisiana, a respondent that opposes a motion "must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Local Rule 7.5. Here, defendants file their motion to continue without the consent of plaintiffs: "Defendants offer, contrary to Plaintiffs' anticipated objections, that a continuance of the pretrial deadlines and trial date would permit this attempt at resolution of this case and avoidance of additional expenditures." Rec. Doc. 19-2 at 2. The submission date of defendants' motion to continue was July 31, 2024, setting plaintiffs' deadline to oppose as July 23, 2024. Plaintiff did not so oppose.

The Court "may properly assume that [plaintiffs have] no opposition" to the motion to continue, and may grant defendants' requests if they have merit. *Smith v. Larpenter*, No. 16-15778, 2017 WL 2773662, at *1 n.1 (E.D. La. May 3, 2017), *report and recommendation adopted*, No. 16-15778, 2017 WL 2780748 (E.D. La. June 26, 2017). Put another way, a district court may not grant it automatically, but may grant it if the motion has merit. *See Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

    B. **Motion to Continue Standard**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the

3

burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation omitted). The Fifth Circuit Court of Appeals considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

Self-imposed reasons for a delay do not amount to a showing of good cause. *See Squyres*, 782 F.3d at 238 (affirming a district court's decision to deny a motion to continue discovery deadlines because "the parties' delay in conducting discovery was self-imposed"); *Bilbe v. Belson*, 530 F.3d 314, 317 (5th Cir. 2008) (affording "district courts a great deal of deference in determining whether to modify scheduling orders, especially where, as here, the record suggests that the movant repeatedly demonstrated a lack of diligence"); *Meaux*, 607 F.3d at 168 (affirming denial of continuance because "trial was imminent" and "unfortunate timing was largely defendants' fault").

Here, parties' self-imposed discovery restrictions do not present good cause for scheduling order amendment. Defendants largely reproduce their previous continuance argument. In fact, defendants recycle verbatim their two-sentence legal authority for a continuance:

> Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a schedule may be modified for good cause and with the judge's consent. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. S. Trust Bank of Alabama, NA*, 315 F. 3d 533, 535 (5th Cir. 2003) (citation and quotation marks omitted).

*Compare* Rec. Doc. 19-2 at 1, *with* Rec. Doc. 15 at 1. Although this Court previously found good cause for defendants' motion to continue, two circumstances distinguish the instant request. For

4

one, defendants no longer move with plaintiffs' express consent. We "may properly assume that [plaintiffs have] no opposition" to the motion to continue because no opposition was filed. *Smith*, 2017 WL 2773662, at *1 n.1. Nevertheless, this assumption is weaker than an affirmative expression of consent, requiring closer consideration of possible prejudice to plaintiffs.

Moreover, defendants cite no new information that reasonably presents good cause. In response to their previous motion, this Court specifically identified the disclosure of Robinson's additional medical history as good cause. *See* Rec. Doc. 16 at 1. Nearly five months later, no similar reason is raised. Instead, defendants again submit parties' agreement to slow-walk discovery as continuance justification: "Both parties are still seeking to avoid unnecessary additional expenses by postponing treating physician and expert depositions, as well as Defendants' retention of a medical doctor to provide an Additional Medical Opinion (AMO)." Rec. Doc. 19-2 at 1–2. Thus, of the factors the Fifth Circuit has identified for consideration, only one possibly provides support for a continuance: the importance of the amendment. *See Meaux*, 607 F.3d at 167. As expression of the importance of the continuance, defendants insist "it would be difficult for Defendant [sic] to meet the expert report deadline of September 23, 2024, due to the necessity of obtaining an additional medical opinion, the deposition of a treating surgeon, and the anticipated deposition of Defendants' AMO physician." *Id*. at 2.

However, this time crunch—and the heightened importance of the fast-approaching deadline for examinations and expert reports—was created by parties' actions. Self-imposed reasons and lack of litigation diligence are insufficient grounds for alteration of a scheduling order. *See Squyres*, 782 F.3d at 238; *Bilbe*, 530 F.3d at 317. A jury trial is currently scheduled in this matter on December 9, 2024. *See* Rec. Doc. 17. As argued, defendants fail to provide a sufficient explanation for their scheduling amendment, risking prejudice to plaintiffs created—and not

5

cured—by a continuance. In sum, their open-ended request to extend all pretrial deadlines, the pretrial conference, and the jury trial lacks good cause.

    New Orleans, Louisiana this 1st day of August, 2024

                                                                 SENIOR UNITED STATES DISTRICT JUDGE